UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Brooke Reynolds, et al.,                             Case No. 3:15 cv 397

          Plaintiffs

      v.                                          MEMORANDUM OPINION

Merck Sharp & Dohme Corp., et al.,

          Defendants

### I. BRIEF BACKGROUND

This product liability action alleges harm by the Defendants' product, Implanon®. There is no dispute that Implanon® is an FDA-approved, prescription hormonal contraceptive implant which is inserted just below the skin and releases a contraceptive hormone which is designed to prevent pregnancy. Three Plaintiffs were prescribed and received Implanon®. When they wanted to discontinue its use, physicians were unable to locate it for removal. The Plaintiffs allege the product's continued presence exposes them to continued and unwanted side effects.

The Plaintiffs include three distinct groups: (1) Brook Reynolds, Julie Reynolds, and Robert Reynolds, all citizens of Graytown, Ohio; (2) Jenni Akins and Major Akins, citizens of Florence, Alabama; and (3) Ruby Ginns, a citizen of Indianapolis, Indiana.

This matter is before me on the Defendants' motion to sever pursuant to Fed. R. Civ. P. 21 and request for transfer to the appropriate districts under 28 U.S.C. § 1404. Also before me are Plaintiffs' opposition and the Defendants' reply. For the reasons stated below, the Defendants' motion is granted.

## II. Discussion

The Defendants seek severance of the non-Ohio Plaintiffs, based upon the Plaintiffs' failure to meet the requirements for permissive joinder under Fed. R. Civ. P. 20. Specifically, the Defendants contend the claims do not arise out of the same "transaction, occurrence or series of transactions or occurrences" but do involve "unique questions of law and fact." (Doc. No. 24-1 at p. 1). In advocating for severance, the Defendants also request transfer of the non-Ohio Plaintiffs to their respective home districts.

In contrast, Plaintiffs request deferral of this determination until a later stage of the litigation in the name of judicial economy and efficiency. I disagree.

Under Fed. R. Civ. P. 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." While the Federal Rules do not define misjoinder, it is necessary to consider the requirements for permissive joinder under Fed. R. Civ. P. 20 in order to make a reasoned determination under Rule 21.

Where a determination on permissive joinder can be resolved with due consideration of the issues, deferring a ruling does not necessarily promote efficiency. *See Arista Records, LLC v. Does 1-11*, 2008 WL 4823160 *5 (E.D. Ohio 2008) ("The Federal Rules of Civil Procedure should not be cast aside merely in the name of potential efficiency."). The record before me is more than sufficient to make a considered determination at this juncture of the proceedings. Therefore, the Plaintiffs' argument for deferral is rejected.

### A. Propriety of Joinder

Permissive joinder allows for joinder of multiple plaintiffs where (1) the right to relief arises out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all plaintiffs will arise in the action. Fed. R. Civ. P. 20(A)(1).

Under Rule 20 or 21, transactional relatedness lacks specificity as it pertains to the terms "transaction," "occurrence", or "series." 4 MOORE'S FEDERAL PRACTICE § 21.05[1] (3d ed. 2015). A "case-specific inquiry" is utilized to determine whether the claims arise out of the same transaction or occurrence. *Stojcevski v. County of Macomb*, __F.Supp.3d__, 2015 WL 6865751 (E.D. Mich. 2015). *See also, Russell v. Chesapeake Appalachia, L.L.C.*, 305 F.3d 78, 81 (M.D. Penn. 2015). While the "same transaction or occurrence' is a flexible concept,". . . . "mere factual similarity between claims is not enough to show that the claims arise from the same transaction or occurrence." *Burgos v. Bob Evans Farms, Inc.*, 2011 WL 4528476 (E.D. Ky. 2011).

Here, the complaint alleges that Plaintiffs Brook Reynolds, Ruby Ginns, and Jenni Akins were all prescribed and received Implanon® by their respective health care providers. Only Reynolds is a citizen of Ohio, the current forum state. Plaintiff does not allege a common health care provider or any other common thread except that all plaintiffs were prescribed the same contraceptive product and were injured. Additionally, each of the plaintiffs' respective medical records shows they received the product on different dates and by different health care providers. (Doc. No. 25).

Despite the commonality of being prescribed the same product, each of the plaintiffs has a different medical history, sought removal of the product at different times, and has a different attempted removal history. Since two of the plaintiffs' allegations have no connection to the present forum, presumably the law of at least two other states will apply to the fourteen causes of action alleged by each Plaintiff.

A similar situation existed in *Hyatt v. Organon USA, Inc.*, 2012 WL 4809163 (E.D. Mo. 2012). In *Hyatt*, each of the plaintiffs received the contraceptive device NuvaRing and alleged injuries from its use. Judge Sippel determined that joinder of claims constituted a misjoinder of the parties as the plaintiffs received the prescription drug from different health care providers and in jurisdictions

3

outside of Missouri. Other courts faced with similar scenarios have also determined the plaintiffs to be misjoined in product liability cases. *See e.g., McGrew v. Howmedica Ostenoics Corp.*, 2015 WL 159367 (S.D. Ill. 2015); *In re Accutane Prods. Liab. Litig.*, 2012 WL 4513339 (M.D. Fla. 2012); *Boschert v. Pfizer, Inc.*, 2009 WL 1383183 at *3 (E.D. Mo. 2009) (collecting cases); *In re Rezulin Prods. Liab. Litig.*, 168 F.Supp.2d 136 (S.D.N.Y. 2001).

Based upon the record before me, I find the Plaintiffs' claims do not relate or arise out of the same transaction and fail to meet the first requirement for joinder under Rule 20. As the first factor is not met, it is dispositive of this issue and I find it unnecessary to address the second factor. In the absence of proper joinder, I now turn to the issue of severance.

**B. Severance**

In considering a motion under Rule 21, courts consider "principles of fundamental fairness and judicial efficiency" as well as prejudice to any party or resulting undue delay. 4 MOORE'S FEDERAL PRACTICE § 21.02[4]. The party requesting severance is tasked with establishing that "'severance is required to avoid prejudice or confusion and to promote the ends of justice.'" *Agnesini v. Doctor's Associates, Inc.*, 275 F.R.D. 456, 458 (S.D.N.Y. 2011). The district court is vested with great discretion in making a ruling under Rule 21. WRIGHT, MILLER & KANE, FED. PRAC. & PROC. § 1689 (3d ed. 2016). *See also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988).

Factors for consideration regarding a motion to sever may include:

(1)Whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for separate claims.

4

*Productive MD, LLC v. Aetna Health, Inc.*, 969 F.2d 901, 940 (M.D. Tenn. 2013). Severance is appropriate in the presence of only one of these conditions. *In re Methyl Tertiary Butyl Ether Products Liability Litigation*, 247 F.R.D. 420, 424 (S.D.N.Y. 2007) (citations omitted).

Here, I have already determined the claims do not arise out of the same transaction or occurrence. As the plaintiffs had different health care providers and utilized different health care facilities, there will be different witnesses and documentation for their respective claims. Encompassed in consideration of fundamental fairness and judicial efficiency is prejudice to any party. The Court has yet to hold a case management conference to schedule dates for discovery and dispositive motion practice, so there is no prejudice to either side. Severance, as opposed to dismissal, will allow the respective plaintiff groups to continue with their litigation, albeit in separate forums. Therefore, the Defendants' motion for severance is granted.

C. Transfer

The Defendants also request the Akins case be transferred to the Northern District of Alabama and the Ginns case be transferred to the Southern District of Indiana. Under 28 U.S.C. § 1404(a), a transfer may be ordered upon "the convenience of the parties and witnesses, in the interest of justice. . . to any other district or division where it might have been brought. . .".

A threshold inquiry for the district court is whether the transferee court is a district or division where the litigation may have been initiated. Next, the court considers convenience of the parties as well as private and public-interest factors. The district court "weigh[s] the relevant factors and decide[s] whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 134 S.Ct. 568 (2013), *citing* § 1404(a).

The burden rests with the movant to establish why the case should be transferred for the convenience of the parties and in the interests of justice. *See Van Dusen v. Barrack*, 367 U.S. 612,

645-46 (1964) ("Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient.")  Finally, the district courts are vested with broad discretion in "determin[ing] when party 'convenience' or 'the interest of justice' makes a transfer appropriate."  *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009).

Regarding the threshold inquiry, the complaint alleges the Defendants have "transacted and conducted business in the States of Ohio, Indiana, and Alabama, and derived substantial revenue from interstate commerce."  ( Compl. at ¶¶ 10, 14, and 24).  Therefore, it would appear that litigation against the Defendants could have been instituted in the Northern District of Alabama and the Southern District of Indiana.

1. Plaintiff's Choice of Forum

Generally, a plaintiff's choice of forum is accorded significant weight.  *United States v. Cinemark, USA, Inc.*, 66 F.Supp.2d 881, 887-88 (N.D. Ohio 1999).  The choice of forum is given less weight if the operative events occurred elsewhere or where the balance is strongly in favor of a defendant.  *Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608, 612 (6th Cir. 1984).   Here, Plaintiffs Ruby Ginns and Jenny Akins are not Ohio citizens and it appears that the operative events occurred in their respective states of residence.  Therefore, this factor is given less weight.

2. Convenience of Witnesses

The convenience of witnesses is generally considered the most important factor in a transfer analysis.  *Kay v. Nat'l City Mortg. Co.*, 494 F.Supp.2d 845, 852 (S.D. Ohio 2007).  *See also* 17 MOORE'S FEDERAL PRACTICE § 111.13[1][f].

In this case, there is no dispute that the Akins plaintiffs are located in the Northern District of Alabama.  It would appear that the medical records and the witnesses associated with Ms. Akins' treatment are in that same district.  The same appears to be true for Ms. Ginns as her prescriber, the medical professionals who provided her treatment, and her medical records are located in the

Southern District of Indiana. Presumably, those health care providers called upon to testify for Ms. Akins or Ms. Ginns will find it more convenient to testify in the transferee districts than in the Northern District of Ohio.

    3. <u>Location of Operative Events</u>

In ascertaining where the operative events occurred, it is important to consider the theories of liability and defenses asserted. Here, causes of action at common law include product liability claims, all of which allege false and misleading representations and marketing. As for Plaintiffs Akins and Ginns, these alleged misrepresentations were not made in Ohio but in their respective states of residence, Alabama and Indiana.

As the operative facts occurred outside of Ohio, this factor weighs in favor of transfer.

    4. <u>Public Interest and Other Factors</u>

The public interest favors local adjudication of local controversies. The public interest is furthered by adjudicating the non-Ohio resident cases in the states in which the operative events occurred. *In re Eastern Dist. Repetitive Stress Injury Lit.*, 850 F.Supp. 188, 196 (E.D.N.Y. 1994).

In considering which forum better serves judicial economy, "federal courts favor adjudication of diversity actions by the court that sits in the state whose substantive law will govern the case." 17 MOORE'S FEDERAL PRACTICE at § 111.13[1][m]. Here, presumably the laws of Alabama and Indiana will govern the Akins and Ginns cases. Transfer of these actions will place those actions in the Plaintiffs' home districts, which serves to further judicial economy.

Accordingly, having considered the arguments of both sides and having weighed the relevant factors, I find transfer to be appropriate course of action for the Akins and Ginns Plaintiffs.

### III. CONCLUSION

For the aforementioned reasons, the Defendants' motion to sever and transfer (Doc. No. 24) is granted. The Clerk is directed to sever the claims of Jenni Akins and Major Akins and transfer them to the Northern District of Alabama. The Clerk is further directed to sever the claims of Ruby Ginns and transfer them to the Southern District of Indiana.

A notice of a case management conference shall be issued in the coming weeks.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
